UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JOAQUIN PALMER, | ) | No. CV 10-9004-JAK (PLA) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DISMISSING ACTION** |
| LIEUTENANT BOBO, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a prisoner presently incarcerated at the California State Prison in Lancaster, California, filed a pro se civil rights action in this Court on December 6, 2010, after being granted leave to proceed in forma pauperis. On February 16, 2011, plaintiff filed a First Amended Complaint ("FAC").

On January 23, 2012, plaintiff filed a "Motion [f]or Voluntary Termination [o]f Action" (dated January 19, 2012), in which he requested "dismissal of this action" and stated that he would "concede with prejudice the dismissal of this action as to defendant 'BOBO' only." From that motion, it was unclear whether, as to the remaining unserved defendants, plaintiff sought dismissal without prejudice to refile the action in the future, or whether he intended to pursue this action as to those defendants at this time. Thus, on January 27, 2012, the Magistrate Judge ordered plaintiff to file, no later than February 10, 2012, a request for dismissal that specifically stated his

1  intention as to all defendants. Plaintiff failed to respond to the January 27, 2012, Order by the
2  February 10, 2012, deadline, and on February 24, 2012, the Magistrate Judge issued an Order
3  to Show Cause why the FAC should not be dismissed for failure to prosecute and failure to follow
4  Court orders.

5       On March 8, 2012, when it appeared that plaintiff may not have received the Orders of
6  January 27, 2012, and February 24, 2012, the Magistrate Judge sua sponte extended plaintiff's
7  time to respond to both Orders to no later than March 29, 2012, and sent a copy of the January
8  27, 2012, and February 24, 2012, Orders to plaintiff along with the March 8, 2012, Order.

9       In response to the Orders of January 27, 2012, February 24, 2012, and March 8, 2012,
10 plaintiff has now filed a "Motion for Voluntary Termination of Action Against Lieutenant Bobo," in
11 which he requests that the Court "terminate all litigation against Lt. Bobo with prejudice" and, as
12 to the remaining unserved defendants, "dismiss 'without prejudice' to refile ... in the future." Rule
13 41(a)(2) of the Federal Rules of Civil Procedure allows for voluntary dismissal of an action by a
14 plaintiff pursuant to a Court order "on terms that the court considers proper." Fed.R.Civ.P.
15 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless
16 a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches,
17 263 F.3d 972, 975 (9th Cir. 2001) (internal citation omitted). As plaintiff seeks dismissal of this
18 action with prejudice as to defendant Bobo, the Court discerns no legal prejudice to defendant
19 Bobo from dismissal. Moreover, as none of the other defendants in this action were served with
20 the FAC, the Court discerns no legal prejudice from dismissal without prejudice as to those
21 defendants. Accordingly, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, it is
22 hereby ordered that the instant action is **dismissed with prejudice as to defendant Bobo** and
23 **dismissed without prejudice as to all other defendants**.

25 DATED: April 5, 2012

                                   HONORABLE JOHN A. KRONSTADT
                                   UNITED STATES DISTRICT JUDGE